James O. Si-iackeleoed, J.,
delivered the opinion of the Court.
The prisoner was jointly indicted with three other persons, at the June Term, 1868, of The Criminal Court of the City of Memphis, for the murder of Captain S. Perry, a policeman of that City. He was put upon his trial during the term, and by the jury convicted of murder in the first degree, without mitigating circumstances. A motion for a new trial was entered, which was overruled, and sentence of death pronounced against the prisoner; from which judgment an appeal was taken to this court. The questions arising on the record, have been presented with much ability. It is insisted, on behalf of the prisoner, the indictment being signed by an Attorney-general pro tern., there being no order of the Court in the record, showing his appointment as such, the judgment must be arrested.
Second, That the bill of exceptions, does not show the offense was committed within the district over which the Criminal Court of Memphis has jurisdiction; *301 that, though one of the causes assigned as error, •would not authorize a reversal, yet, if two or more existed, it would be such error as would be fatal to the judgment.
Third, The proof does not support the verdict.
In support of the two first propositions, it is insisted as the bill of exceptions does not show the venue was proven, and the indictment being signed by an Attorney-general pro tern., these errors being apparent under the rulings, of this Court, in the case of Davidson vs. State, 2 Cold., 184, the judgment must be reversed. We recognize the principles settled in that case, and are not disposed to depart from them. But upon an examination of the record, we think this case does not fall within the rule. It apjDears from the proof, the murder was perpetrated in the City of Memphis. Several of the witnesses prove that they live within the city limits, and that the killing was near their place of business, and ou a particular street within the city limits. The whole volume of proof shows the murder was committed -within the city; and we judicially know, the City of Memphis is situated within the fifth, thirteenth and fourteenth civil districts of the county of Shelby, and that those districts constitute a Criminal Judicial District, with a court having exclusive original jurisdiction of all crimes committed within the same. See sec. of the Code 119. This principle was settled in the case of Hite vs. State, 9 Yerg., 357. In that case, the offense was proven to have been committed in Haysboro’, an incorporated town, it being declared by public statute, to be in *302 the County of Davidson. The court say: “They would judicially take notice of its being in the county, but subsequent Acts of the Legislature having changed the county lines, they could not say that it was within the county.” In this case a public statute having declared Memphis, to be situated within the criminal district, and there being no law changing it, it follows, the proof shows the offense was committed within the jurisdiction of the court, and the venue is sufficiently proven.
The record does not show the appointment of an Attorney-general pro tern.; the indictment is signed by “John Bullock, Attorney-general, pro tern.”
Previous to the adoption of the Code, this would have been fatal. It is expressly provided by sec. 5242, of the Code, where a person is presented or indicted for a criminal offense, and is arraigned before a court having the jurisdiction of the matter, pleads not guilty, and is tried upon the merits and is convicted, he shall not be entitled to a new trial, or to an arrest of judgment, or reversal of the judgment for certain specified causes. Sub-section 8, of the section referred to, embraces the errors assigned; and provides, that, “because an indictment was drawn by an Attorney-general, pro tern., and the clerk omitted to enter his appointment on the minutes of the court, it shall be no cause of reversal.”
There being but one of the causes specified in the section of the Code referred to, in this record, the defect falls within the provisions of the statute, and it is not such error as will authorize a reversal. Conse- *303 qucntly tbis case does not fall within the rule declared in the case of Davidson vs. State, which settles the principle, if two or more of the causes, specified in the section of the Code referred to, exist, it is error, for which the judgment will be reversed. The charge of the Court upon the points involved, is very favorable to the prisoner. There are many principles of law discussed by the Court, that have no relevancy or bearing upon the matters in issue. The charge appears to have been a stereotyped one, adapted to other classes of offenses; but there is nothing in it, that could mislead the jury. And we can see no error that could justify a reversal.
It becomes necessary, therefore, under the rulings of this Court in criminal causes of the magnitude of the offense under consideration, that we examine the testimony and see if the evidence sustains the verdict. The deceased was killed on the night of the third of June, 1868, about eleven o’clock. He was a policeman, on duty at the time. About 9 o’clock at night, the prisoner, with four other persons, was seen on the street near the place where the killing was done. A policeman called the attention of the deceased to the crowd. They seemed to be in consultation. He remarked that they were a “rough set,” and “up to something.” After this, they were seen at several places, near the house where the offense was committed. The prisoner came up the steps of the “keno” room, where the deceased was; shortly thereafter, he was seen with the same crowd that he was with in the early part of the evening, near Yeatman’s store, which was burglari- *304 ousl'y entered. In a short time thereafter, the deceased was informed the store of Yeatman had been entered. He came down immediately from the "keno” room, where he was at the time he received the information, and went with another policeman to the store. Upon his approach, three persons, who were armed, near the door, fled. The door was found' open; they went in; the deceased lighted a match; two negroes were found in the house; one or both were armed; he ordered them to surrender; they attempted to rush out; a pistol cap was bursted; immediately thereafter a pistol was fired; the ball passed near the witness, so near that he was “burned by the flash of the pistol,” and struck the deceased. He turned and fell, and died in a short time, from the effects of the wound. The prisoner was recognized by the witness as the person he saw in the house, and he believes he fired the fatal shot. He was satisfied the prisoner was in the house, and present when the firing took place. The facts and circumstances of this case, leave no doubt upon the minds of the Court, the prisoner was in the house and present when the fatal shot was fired. The proof is not conclusive that the prisoner fired the shot that killed the deceased; but it is clear that he was present when the pistol was fired, by which the deceased was killed. The charge of the Court upon this point, is: “If one of the defendants willfully, deliberately, premeditatedly, maliciously and feloniously, shot and killed the deceased, as charged in the indictment, and any one of the confederates was near by, aiding and abetting such defendant; or was near, and willing to aid, • if necessary, the said party; *305 or in the consummation of such slaying; or to give notice and prevent any aid or interference by other parties; then such party, or parties, so aiding and abetting, are equally guilty with the actual slay or.” We think the rule is correctly stated by His Honor. To make an abettor to a murder or homicide, principal in the felony, two things are requisite: first, he must be present; second, he must be aiding and abetting in the felony.
As to the first proposition: If several persons come to commit a felony or make an affray, and are of the same party, and come into the same house, but are in several rooms of the same house, and one be killed in one of the rooms, those of the party that come for that purpose, though in the other rooms of the same house, shall be said to be present: 1 'Hale’s Pleas of the Crown, 439. “The like in cases of burglary; though some stood at the end of the lane to watch if any come to disturb them; yet they are said to be burglars, because they are aiding and assisting in the burglary.”
“Second, Who shall be said to be aiding and abetting? The rule is, if divers persons come with the intent to do mischief, as to kill, rob or beat, and one doeth it, all are principals in the felony. Again, if a party go upon an unlawful purpose, and one of the company kill one of the adverse party, in pursuance of that design, all are guilty.”
It must be a killing in the pursuit of an unlawful act that all were engaged in; and in carrying out the original .design, if any one of the party kill any one that oppose them, it would be murder in all the rest *306 of .the company that come 'with the intent to do that unlawful act, though there was no express intention to kill any person in the first enterprise; because, the law presumes they come to make good their designs against all opposition. Such seem to be the well settled rules of the common law: 1 Hale’s Pleas of the Crown, 441 and 444; Foster, 351; 2 Hawk., chap. 29, sec. 9; 1 Wharton’s Crim. Law, secs. 116 and 124.
And in such cases, whether the deceased falls by the hands of the accused, is immaterial. If he was present aiding and abetting when the mortal blow was given, all are principals and criminals in the highest .degree.
Apply these principles of law to the case under consideration. The prisoner, with others who are indicted, and one of whom was with him in the house at the time the deceased was killed, all seen together under circumstances to excite suspicion of some evil design; they are watched; shortly thereafter, a burglary is committed; the'house of Yeatman is broken into by the prisoner and an accomplice; they enter the house; three of the party — all armed — remain on the outside. The deceased, • a police officer, is informed of the breaking; upon his approach, the confederates escape; the officer enters the house; he finds the prisoner and another person with him, in the house; he commands their surrender; upon the striking of a light, a pistol is fired by one of the burglars; the officer is killed by the shot, and they escape. It can make no difference in such case, who fired the shot that killed the deceased; they are both principals and equally guilty. If *307 tbe prisoner did not fire, be was present, assisting, aiding and abetting; and as such, must be punished as a principal.
The case clearly falls within the definition of murder in the.first degree, as defined by sec. 4598, of the Code.
We are of opinion, after having given the case presented in this record, a careful examination, that the prisoners had a fair and impartial trial; that there are no mitigating circumstances; that the proof in the cause fully sustains the verdict of the jury; and we can see no error of law that can authorize a reversal.
The judgment must be affirmed.