STATE of Tennessee, Appellant,

v.

**Darrell SEVERS, Alias and Clarence Weaver, Alias, Appellees.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 8, 1988.

Permission to Appeal Denied by Supreme Court Nov. 7, 1988.

W.J. Michael Cody, Atty. Gen. and Reporter, Janice Bossing, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., William H. Crabtree, Asst. Dist. Atty. Gen.; Knoxville, for appellant.

Ronald P. Smith, Knoxville, for appellee Severs.

Douglas A. Trant, Knoxville, for appellee Weaver.

## OPINION

WADE, Judge.

The state appeals as of right the grant of the defendant's motion to dismiss the charge of first-degree felony-murder.

■ The sole issue on appeal is whether the trial court erred in its grant of the defendant's motion to dismiss the charge of felony-murder when the victim of an attempted larceny kills the defendant's co-perpetrator.

The judgment of the trial court is affirmed.

On May 13, the grand jury for Knox County, Tennessee, returned a two-count presentment against the defendants, Darrell Severs and Clarence Weaver, as follows:

1. *Darrell Severs, Clarence Weaver and Thomas Moore:*

On the __ day of July, 1986, in the state and county aforesaid, unlawfully and feloniously did attempt to steal, take and carry away the personal goods of Marquis Burnette with the intent to deprive the true owner thereof, and during the perpetration of said felony, to wit: attempted larceny, the said Marquis Burnette shot and killed Thomas Moore, and therefore Thomas Moore, was murdered during the perpetration of a felony by the said Darrell Severs, alias, and Clar-

ence Weaver, alias, and the said Darrell Severs, alias, and Clarence Weaver, alias, did thereby commit the offense of first degree murder, in violation of T.C.A. § 39–2–202 and against the peace and dignity of the state.

2. *Darrell Severs and Clarence Weaver:*

On the ___ day of July, 1987, in the state and county aforesaid, unlawfully, willfully and feloniously did attempt to commit a felony, to wit: a larceny, that is to say, the said Darrell Severs, alias, and Clarence Weaver, alias, did attempt to take, steal and carry away a chainsaw, the further kind, type, brand and description thereof to the grand jurors unknown, of the goods and chattels of Marquis Burnette, then and there being found, with intent to deprive said owner thereof against his will, contrary to the statute and against the peace and dignity of the state.

The deceased, Thomas Moore, was named in the original count as a co-perpetrator with the defendants of the offense of attempted larceny.

The intended victim of the larceny, Marquis Burnette, was arrested on an affidavit of complaint charging involuntary manslaughter. After a preliminary examination, the charge was dismissed by the Knox County General Sessions Court on August 18, 1986, on the basis that the homicide was justifiable.

The trial court dismissed the count of felony-murder against the defendants on July 1, 1987, after which the state filed its notice of appeal. The stipulated facts upon which the judgment was based are as follows:

The defendants, accompanied by the deceased, were in the process of committing a larceny upon a Marquis Burnette when Marquis Burnette, the victim of the larceny, resisted and in so resisting killed the deceased.

T.C.A. § 39–2–202 provides, in part, as follows:

First–Degree Murder.—(a) Every murder ... committed in the perpetration of, or attempt to perpetrate, any murder in the first degree, arson, rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or the unlawful throwing, placing or discharging of a destructive device or bomb, is murder in the first degree.

(b) A person convicted of murder in the first degree shall be punished by death or by imprisonment for life.

(c) Murder in the first degree is a Class X Felony.

The trial court in this instance relied on *Farmer v. State*, 201 Tenn. 107, 296 S.W.2d 879 (1956), in sustaining the motion to dismiss. In *Farmer*, the defendant was convicted of the first degree murder of a 2½ year-old child after setting fire to a residence. The court held that the defendant knew he was burning a home occupied by a woman and her children and should have known that the victim could not escape the flames.

The trial court in the case *sub judice* held that *Farmer* stood for the proposition that the killing must have been done in pursuance of the unlawful act and not collateral to it; Moore's death, the court said, fell into the latter category.

The state argues that *Farmer* represents the proximate cause theory of the felony-murder doctrine:

When the death which results from the affray is a natural, probable consequence of the defendant's actions, a felony-murder conviction will be affirmed.

*See Johnson v. State*, 386 P.2d 336 (Okla. Cr.1963). *See also State v. Moffitt*, 199 Kan. 514, 431 P.2d 879 (1967); *State v. Chambers*, 53 Ohio App.2d 266, 373 N.E.2d 393 (1977).

A majority of states have adopted an agency theory:

[T]he felony-murder rule will not be applied if the killing is attributable to the act of one other than the defendant or those associated with him in the unlawful enterprise.

The 1958 case of *Commonwealth v. Redline,* 391 Pa. 486, 137 A.2d 472 (1958), is representative of those jurisdictions adhering to the agency doctrine. In that instance, the defendant's co-felon was killed by police as the two attempted to flee the scene of their armed robbery. The court held that the conduct causing the death must be done in furtherance of the felony and that the death must be a consequence of the felony rather than merely coincidental to it. *Id.* 137 A.2d at 476. The Pennsylvania court rejected the rationale that guilt could be found when the felonious act proximately caused the death. *Id.* 137 A.2d at 480.

The holding in *Redline* comports with the rule established in common law and is cited by other jurisdictions as having a significant influence in the development of the doctrine. The formulation of the felony-murder principle by such authorities as Lord Coke, Foster, and Blackshire indicates that it applies only when the "felon or a confederate did the actual killing." *State v. Canola,* 374 A.2d 20, 21, 73 N.J. 206 (1977) (citing 24 Rutgers L.Rev. 591, 600–601 (1970)).

Late in the 18th Century, the rule provided that "if one intends to do another felony, and undesignedly kills a man, this is also murder." 4 Blackstone, *Commentaries,* 200–201. Although there is a division of views in this country, the English courts "never applied the felony-murder rule to hold a felon guilty of the death of his co-felon at the hands of the intended victim." *Id.* 374 A.2d at 21 (citing Prevezer, The English Homicide Act: A New Attempt to Revise the Law of Murder, 57 Col.L.Rev. 624, 634 (1957).

The felony-murder doctrine in relation to criminal responsibility for the lethal acts of non-felons has undergone a series of transformations in this country. From its beginnings in the common law the rule appears to have come full circle in the last half-century. The trend toward non-culpability has evolved into a clear, jurisdictional majority. *Id.* 374 A.2d at 27.

In addition to *Farmer,* the state and the defendant cite numerous Tennessee cases which each asserts is supportive of their respective theories.

The oldest opinion suggested as authority in this state is that of *Moody v. State,* 46 Tenn. 299 (1869). Quoting common law, the court, in its review of the defendant's conviction for the death of a police officer at the hands of a co-perpetrator in a robbery, made this observation:

[I]f a party go upon an unlawful purpose, and one of the company kill one of the adverse party, in pursuance of that design, all are guilty.

It must be a killing in the pursuit of an unlawful act that all are engaged in; and in carrying out the original design, if any one of the party kill any one that oppose them, it would be murder in all the rest of the company that come with the intent to do that unlawful act, though there was no express intention to kill any person in that first enterprise....

*Id.* at 305–306.

In *Letner v. State,* 156 Tenn. 68, 299 S.W. 1049 (1927), the defendant fired shots toward a boat so frightening one of the occupants that he upset the boat and thereby caused the drowning death of the other occupant. A conviction of involuntary manslaughter was upheld on the basis of proximate causation.

In *Smith v. State,* 209 Tenn. 499, 354 S.W.2d 450 (1961), the Supreme Court held that a robber who shot the proprietor of a liquor store after the proprietor snapped a pistol once or twice in the direction of the robber, could not claim self-defense to felony-murder on the basis that the killing was in pursuance of the act and not merely a collateral result.

In a rather classic application of felony-murder, the Supreme Court held in *Dupes v. State,* 209 Tenn. 506, 354 S.W.2d 453 (1962), that the operator of a vehicle who was part of a conspiracy to rob the victim was guilty of murder when his companions shot and killed their robbery victim. The

killing was deemed to be a natural and probable consequence of a common design to commit a felony.

In *State v. Randolph,* 676 S.W.2d 943 (Tenn.1984), the Supreme Court acknowledged that the illicit sale of narcotics is not listed among those offenses from the perpetration of which a first degree felony-murder would result under T.C.A. § 39–2–202. The court acknowledged, however, that a second degree murder (if malice is found) or an involuntary manslaughter conviction might result if the defendant sold undiluted heroin to a victim who overdosed on the following day after a self-injection. *Id.* at 947–948. The court acknowledged that the foreseeability of an undiluted, self-injection was a proper question for the jury. *Id.*

Finally, the rulings in *State v. King,* 694 S.W.2d 941 (Tenn.1985), and *State v. Smith,* 695 S.W.2d 954 (Tenn.1985), have been cited as providing insight in this case. Neither opinion, however, is helpful with respect to the ultimate issue.

■ It does not appear that the standard in this state has changed since *Farmer;* to sustain a conviction of first-degree felony-murder, the killing must have been in pursuance of, rather than collateral to, the unlawful act described by the statute. Citing *Wharton on Homicide,* 3rd Ed., § 126, the court in *Farmer* held that the "killing must have had an intimate relation and close connection with the felony, and not be separate, distinct, and independent from it.…" 296 S.W.2d at 883.

Under either a purely statutory analysis or an application of the *Farmer* rationale, the stipulated facts in this instance do not fall within the definition of felony-murder.

The statute provides that the murder be in the "perpetration" or "attempted perpetration" of, among other things, "a larceny." In this instance, the death resulted from the effort to thwart rather than to perpetrate the felony. The same conclusion was reached in *People v. Washington,* 62 Cal.2d 777, 44 Cal.Rptr. 442, 402 P.2d 130 (1965), in the interpretation of an identical statute to that enacted by this state.

Any extension of the meaning of the statute to the current facts would be in derogation of the common law definition of felony-murder.

■ Similarly, the theory of proximate cause in relation to felony-murder is limited to acts committed by the accused or his accomplices which actually produce the death. This interpretation is not only consistent with the traditional concepts of felony-murder but constitutes the only explanation for this state's lack of historical precedent for the proposition suggested by the state. The death of Moore was collateral to, not in furtherance of, the unlawful act of the defendants.

■ In conclusion, it appears that extension of the felony-murder rule beyond its common law limitation to acts by the felon and his accomplice, to include the lethal actions of those not acting in pursuance of the felonious scheme, is an appropriate action for the legislature … not the courts. The "language of the statute does not compel it and … is entirely compatible with the traditional limitations of the rule." *Canola* 374 A.2d at 30.

The death of the co-perpetrator, when a justifiable homicide, is not within the purview of the statute.

The judgment of the trial court is affirmed.

RICHARD R. FORD, Special Judge, and JONES, J., concur.